# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-11251
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRITTANY SHANICE WILLIAMS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-239-5

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Brittany Shanice Williams appeals the revocation of her supervised release and the 10-month sentence of imprisonment imposed upon revocation. Her supervised release was revoked in accord with 18 U.S.C. § 3583(g), which requires the mandatory revocation of supervised release and imposition of a term of imprisonment for defendants found to have committed certain offenses, including possession of a controlled substance.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-11251

Williams argues that § 3583(g) is unconstitutional in light of *United States v. Haymond*, 139 S. Ct. 2369, 2380 (2019), because it does not require a jury determination of guilt beyond a reasonable doubt. As she concedes, review of this unpreserved issue is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Accordingly, she must show (1) a forfeited error, (2) that is "clear or obvious, rather than subject to reasonable dispute," and (3) that affected her substantial rights. *Id.* If she does that, this court has the discretion to correct the error and should do so "only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, citation, and alteration omitted).

The Supreme Court's decision in *Haymond* addressed the constitutionality of § 3583(k), and the plurality opinion specifically declined to "express a view on the mandatory revocation provision for certain drug and gun violations in § 3583(g)." *Haymond*, 139 S. Ct at 2382 n.7 (plurality opinion). The application of § 3583(g) was not plain error. *See United States v. Badgett*, 957 F.3d 536 (5th Cir. 2020).

AFFIRMED.